## GEORGE W. BORROWSCALE *vs.* BENOICE TUTTLE.

If a bill in equity to redeem land from a mortgage, and requiring an answer under oath, has been dismissed, upon motion of the plaintiff, and without the knowledge of the defendant, after the filing of the answer, and after the expiration of the time when, by the rules of the court, the plaintiff was entitled to file a replication and take testimony, the decree for the defendant is conclusively presumed to be upon the merits, and is a bar to a subsequent bill for the same cause, brought by the same plaintiff, or by one who acquired his title *pendente lite.*

HOAR, J. This is a bill in equity to redeem a parcel of land from a mortgage. One ground of defence upon which the defendant relies is decisive of the controversy between these parties. The equity of redemption from the defendant's mortgage was owned by William Borrowscale from April 25th 1859 to March 27, 1860. He brought a suit in equity to redeem in September 1859, requiring an answer under oath, against the same defendant, who appeared and answered upon oath in January 1860. In April 1860, upon motion of the plaintiff in that suit, but without the defendant's knowledge or consent, the bill was dismissed ; and in June 1860 judgment was entered for the defendant for costs. The plaintiff in the present suit purchased the equity of redemption of William Borrowscale in March 1860.

We are all of opinion that by this decree the equity of redemption was barred. The plaintiff had searched the conscience

32 *

of the defendant by his bill, and had obtained the discovery which he sought, and to which he was entitled. The answer on oath was competent evidence in the cause. The time had passed within which, by the rules of court, the plaintiff had a right to file a replication and take testimony. As the suit stood, the defendant was entitled to have it heard upon bill and answer. It would have been highly inequitable to allow the plaintiff, without cause shown and without notice to the adverse party, to become nonsuit, and so be at liberty to sue again, when he might waive the oath and deprive the defendant of the benefit of his answer. But he might well be allowed to enter the decree which was ordered, because such a decree was all to which the defendant was in any event entitled. The bill was dismissed, without any words of restriction or qualification. It was not dismissed " without prejudice," or " with leave to bring another suit." This is a judgment which, as was settled in *Foote v. Gibbs*, 1 Gray, 413, " is conclusively presumed to be upon the merits, and is a final determination of the controversy."

The plaintiff, George W. Borrowscale, having acquired his title *pendente lite*, took it subject to the result of the former suit, and is bound by the judgment against his grantor.

*Exceptions to the master's report sustained, and judgment for the defendant.*

*A. S. Wheeler*, for the plaintiff.

*J. L. English*, for the defendant.